IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISON

| | | |
|---|---|---|
| JAY FAGEN, | : | Civil Action No. |
| Plaintiff, | : | |
| vs. | : | |
| CAPITAL MANAGEMENT SERVICES L.P., | : | |
| Defendant. | : | |
| | : | |

COMPLAINT

Plaintiff Jay Fagen, by his attorney Ray Johnson, for his claims against the Defendant states:

I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. (hereinafter, "State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, Jay Fagen, is a natural person now residing in Polk City, Iowa.

4. Defendant, Capital Management Services L.P. (hereinafter "Capital Management") is a debt collector engaged in the business of collecting debts in the state of Iowa.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

6. Capital Management has attempted to collect from Fagen an alleged debt for Chase Bank.

7. On November 9, 2006 Capital Management contacted Fagen's mother, discussed facts about the alleged debt with Fagen's mother, and then faxed her Fagen's account number and information regarding the alleged debt, including the amount allegedly owed.

8. On November 14, 2006 Capital Management once again contacted Fagen's mother regarding the alleged debt, this time at her place of employment. Capital Management made yet another call to Fagen's mother at 9:00 pm the same day.

9. On November 24, 2006 Fagen's attorney contacted Capital Management via fax and requested an itemization of the alleged debt, informed Capital Management that Fagen was being represented by an attorney and informed them that all further contact with Fagen or his mother should cease immediately. That same day, Capital Management Services responded to the fax by contacting Mr. Fagen directly.

### V. FIRST CLAIM FOR RELIEF

10. All facts and allegations of this Complaint are incorporated herein by reference.

11. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated 15 U.S.C. § 1692c(b) by contacting Fagen's mother in an attempt to collect the alleged debt.

    b. Defendant violated 15 U.S.C. § 1692c(a)(1) by contacting Fagen's mother at times and places known to be inconvenient.

    c. Defendant violated 15 U.S.C. § 1692c(a)(2) by contacting Fagen when it was known, or should have been known, that he was being represented by an attorney.

12. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for his actual damages, statutory damages, costs and attorney's fees.

## VI. SECOND CLAIM OF RELIEF

13. All facts and allegations of this Complaint are incorporated herein by reference.

14. Fagen's alleged obligations were "debts" as defined by Iowa Code § 537.7102(3).

15. With regard to attempts to collect from Fagen as alleged herein, Capital Management was a "debt collector" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

16. Defendant violated the State Act. The foregoing acts, omissions and practices of Capital Management Services were violations of Iowa Code § 537.7103, including but not limited to:

    a. Defendant violated Iowa Code § 537.7103(3)(a) by contacting Fagen's mother in an attempt to collect the alleged debt.

    b. Defendant violated Iowa Code § 537.7103(5)(e) by contacting Fagen when it was known, or should have been known, that he was being represented by an attorney.

    c. Defendant violated Iowa Code § 537.7103(1)(f) by taking action prohibited by chapter 537 or any other law.

17. As a proximate result of the unfair debt collection, Fagen has suffered actual damages and injury for which he should be compensated in an amount to be proven at trial.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for the following:

    A. Actual damages including but not limited to emotional distress;

    B. Statutory damages pursuant to 15 U.S.C. § 1692k.

    C. Statutory damages pursuant to Iowa Code § 537.5201(1).

    D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Iowa Code § 537.5201(8).

    E. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

_____
RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Rd.
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com